IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVIN L. COLEMAN, | § | |
| | § | |
| **Defendant Below,** | § | No. 70, 2017 |
| Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1303012706 & |
| | § | 1303004663 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: March 30, 2017[1]
Decided: May 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

**O R D E R**

This 12th day of May 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's motion to remand, and the record below, it appears to the Court that:

(1) The appellant, Devin L. Coleman, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Coleman's opening brief that his appeal is without merit. We agree and affirm.

---

[1] The motion to affirm was filed on March 2, 2017, but the record was filed on March 30, 2017.

(2)     On June 17, 2014, the first day of trial, Coleman pled guilty to five charges arising from two different indictments. The plea agreement reflected, among other things, that Coleman was eligible for habitual offender sentencing under 11 *Del. C.* § 4214(a) and the parties' agreement that Coleman would be immediately sentenced for Possession of a Firearm as a Person Prohibited ("PFBPP") under Section 4214(a) to eight years of Level V incarceration. Before sentencing, Coleman admitted that he was convicted of the predicate felonies. The Superior Court declared Coleman a habitual offender under Section 4214(a).

(3)     The Superior Court sentenced Coleman as follows: (i) for PFBPP, as a habitual offender under Section 4214(a), eight years of Level V incarceration; (ii) for Disregarding a Police Signal, two years of Level V incarceration, suspended for one year of Level III probation; (iii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for one year of Level II probation; (iv) for Reckless Endangering in the Second Degree, one year of Level V incarceration, suspended for one year of Level II probation; and (v) for Disregarding a Police Signal, two years of Level V incarceration, suspended for one year of Level II probation. This Court dismissed Coleman's untimely appeal of the Superior Court's judgment.[2]

---

[2] *Coleman v. State*, 2014 WL 4629376 (Del. Sept. 16, 2014).

(4) In September 2014, Coleman filed one motion for correction of an illegal sentence under Rule 35(a) and two motions for correction of a sentence imposed in an illegal manner under Rule 35(b). The motions were based on Coleman's claims that the State failed to file a motion to have him declared a habitual offender and the Superior Court failed to hold a separate hearing on his habitual offender status. In an order dated December 18, 2014, the Superior Court denied Coleman's motions for correction of sentence. The Superior Court found the sentence was imposed in accordance with the parties' plea agreement. Coleman filed a notice of appeal, which he then voluntarily dismissed.

(5) Coleman filed his first motion for postconviction relief on September 8, 2014. After Coleman amended his postconviction motion multiple times, the Superior Court accepted the recommendation of the Superior Court Commissioner and denied Coleman's motion for postconviction relief in an order dated December 23, 2015.[3] Coleman filed a notice of appeal. After the completion of briefing, Coleman asked to withdraw his appeal. The State did not oppose Coleman's request and stipulated to a voluntary dismissal with prejudice.[4] On August 19, 2016, this Court dismissed Coleman's appeal with prejudice under Supreme Court Rule 29(a).[5]

---

[3] *State v. Coleman*, 2015 WL 9595468 (Del. Dec. 23, 2015).

[4] *Coleman v. State*, 2016 WL 4445355, at *1 (Del. Aug. 19, 2016).

[5] *Coleman v. State*, 2016 WL 445455 (Del. Aug. 19, 2016).

(6) On August 3, 2016, while the appeal was still pending, Coleman filed a motion for correction of illegal sentence imposed in an illegal manner under Rule 35(b). Coleman again alleged that the State failed to file a motion to have him declared a habitual offender. On August 22, 2016, Coleman informed the Superior Court that he wished to change the title of the motion to a motion for correction of an illegal sentence under Rule 35(a). Coleman supplemented the motion on September 8, 2016 and October 7, 2016.

(7) The Superior Court held a hearing on Coleman's motion on November 1, 2016 and reserved decision. The State and Coleman filed additional submissions after the hearing. In an order dated February 7, 2017, the Superior Court denied the motion. The Superior Court concluded Coleman's motion was time-barred under Rule 35(b), there were no extraordinary circumstances justifying reduction of his sentence, and Coleman admitted to the crimes underlying his habitual offender status. This appeal followed.

(8) After the State filed a motion to affirm the Superior Court's judgment, Coleman asked the Court to remand this matter, while retaining jurisdiction, so the Superior Court could rule on another motion he filed under Rule 35(a) on March 11, 2017. The Superior Court deferred consideration of the motion, which was based on a new claim of illegal sentence, until this appeal was resolved. The Court finds no basis to remand at this stage of the proceedings.

4

(9) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[6] In his opening brief on appeal, Coleman argues that the Superior Court erred in denying his motion for correction of sentence because the State failed to file a motion to have Coleman declared a habitual offender. Coleman attacks the manner in which his sentence was imposed.[7]

(10) A motion to correct a sentence imposed in an illegal manner that is filed more than ninety days after imposition of the sentence, like Coleman's motion, will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[8] Coleman has not shown extraordinary circumstances to justify consideration of his untimely motion and the Department of Correction has not filed an application under 11 *Del. C.* § 4217. Coleman's motion was also repetitive.[9] The Superior Court did not err therefore in denying Coleman's repetitive and untimely motion.

---

[6] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[7] *See, e.g.*, *Allison v. State,* 2016 WL 6311118, at *1 (Del. Oct. 27, 2016) (recognizing motion for correction of sentence based on claim that Superior Court failed to hold a proper habitual offender hearing was motion to correct the manner in which the sentence was imposed); *McLeaf v. State*, 2007 WL 2359554, at *1 (Del. Aug. 20, 2007) (holding motion for correction of illegal sentence based on contention that habitual offender hearing occurred outside of defendant's presence was actually a motion for correction of a sentence imposed in an illegal manner).

[8] Super. Ct. Crim. R. 35(a), (b).

[9] Super. Ct. Crim. R. 35(b) ("The court will not consider repetitive requests for reduction of sentence.").

5

(11)   Finally, we note that this is the eighth time Coleman has appeared in this Court in connection with his 2014 convictions.[10]  We warn Coleman that if he continues to file appeals from untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court.  We also warn Coleman to be mindful of Rule 61(j).[11]

---

[10] *See In re Coleman*, 2017 WL 908565, at *1 (Del. Mar. 7, 2017) (dismissing petition for writ of mandamus directing the Superior Court to rule on Coleman's motion for correction of sentence as moot); *Coleman v. State*, 2016 WL 4445355, at *1 (Del. Aug. 19, 2016) (entering the parties' voluntary stipulation of dismissal of appeal Coleman filed from the Superior Court order denying his motion for postconviction relief); *Coleman v. State*, 2015 WL 7272030, at *1 (Nov. 16, 2015) (dismissing appeal from the Superior Court Commissioner's report and recommendation as interlocutory); *Coleman v. State*, 2015 WL 4425709, at *1 (Del. July 17, 2015) (dismissing appeal from the Superior Court Commissioner's order denying his motion for recusal as interlocutory); *In re Coleman*, 2015 WL 3649537, at *1 (Del. June 9, 2015) (dismissing petition for writ of mandamus directing the Superior Court Commissioner to reverse her order denying his motion to recuse her from considering his petition for a writ of mandamus); *In re Coleman*, 2015 WL 1565771, at *1 (Del. Apr. 6, 2015) (dismissing petition for writ of mandamus directing the Superior Court to review his motion for postconviction relief within 60 days); *Coleman v. State*, 2014 WL 4629376, at *1 (Del. Sept. 16, 2014) (dismissing Coleman's notice of appeal as untimely).

[11] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").

NOW, THEREFORE, IT IS ORDERED that the motion to remand is DENIED, the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice